UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of:  FITNESS HOLDINGS INTERNATIONAL, INC.,<br><br>Debtor,<br><br>———————————————<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, of the ESTATE OF FITNESS HOLDINGS INTERNATIONAL, INC.,<br><br>Appellant,<br><br>v.<br><br>HANCOCK PARK CAPITAL II, L.P., a Delaware Limited Partnership; PACIFIC WESTERN BANK; KENTON VAN HARTEN; MICHAEL FOURTICQ, Sr.; HANCOCK PARK ASSOCIATES, III; HANCOCK PARK ASSOCIATES,<br><br>Appellees. | No. 11-56677<br><br>D.C. No. 2:10-cv-00647-AG<br>Central District of California,<br>Los Angeles<br><br><br>ORDER |

Before:  CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Pacific Western Bank's Petition for Clarification or Rehearing is

GRANTED IN PART AND DENIED IN PART.  Its request for clarification is

GRANTED.  The clarifications are made in the amended memorandum disposition

filed concurrently with this order.  Its request for a rehearing is DENIED.

No further petitions for rehearing or rehearing en banc will be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: FITNESS HOLDINGS INTERNATIONAL, INC., <br><br> Debtor, <br><br> ——————————— <br><br> OFFICIAL COMMITTEE OF UNSECURED CREDITORS, of the ESTATE OF FITNESS HOLDINGS INTERNATIONAL, INC., <br><br> Appellant, <br><br> v. <br><br> HANCOCK PARK CAPITAL II, L.P., a Delaware Limited Partnership; PACIFIC WESTERN BANK; KENTON VAN HARTEN; MICHAEL FOURTICQ, Sr.; HANCOCK PARK ASSOCIATES, III; HANCOCK PARK ASSOCIATES, <br><br> Appellees. | No. 11-56677 <br><br> D.C. No. 2:10-cv-00647-AG <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

———————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 4, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

In this Chapter 7 bankruptcy case, the bankruptcy court dismissed all the trustee's claims against defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The bankruptcy court affirmed. We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, and now affirm in part, reverse in part, and vacate and remand in part. [1]

1

As explained in our opinion in *In re Fitness Holdings Int'l*, the district court erred in concluding that the trustee's argument that Hancock Park's loan to Fitness Holdings should be recharacterized as equity was not cognizable as a matter of law. No. 11-56677, Slip op. at ___. Because of this legal error, the district court failed to consider whether the trustee plausibly alleged that the $11,995,500 transfer from Hancock Park to Fitness Holdings should be recharacterized as creating an equity interest rather than debt. As a result, the district court failed to

---

[1] We address trustee's claim that the complaint sufficiently alleged that Fitness Holdings' transfer to Hancock Park was avoidable under 11 U.S.C. § 548(a)(1)(B) (Claims 2 and 7 of the First Amended Complaint) in an opinion filed concurrently with this disposition.

2

apply the correct standard in considering whether the trustee's allegations that Fitness Holdings made its transfer to Hancock Park without reasonably equivalent value plausibly gave rise to an entitlement to relief. *Fitness Holdings*, No. 11-56677, slip op. at __. Accordingly, we vacated the district court's dismissal of the 11 U.S.C. § 548(a)(1)(B) constructive fraudulent conveyance claim and remanded for further proceedings. *Fitness Holdings*, No. 11-56677, slip op. at __.

The district court's legal error also infected its analysis of many of the trustee's other claims. First, because the district court erred in failing to consider whether applicable state fraudulent conveyance law allowed a court to recharacterize a loan as an equity interest, it failed to apply the correct standard in considering whether the trustee's allegations that Fitness Holdings transferred $11,995,500 to Hancock Park without receiving reasonably equivalent value plausibly alleged a claim for relief under 11 U.S.C. § 544(b)(1), which incorporates applicable state law (claims 3, 4 and 5 of the First Amended Complaint).

Second, the district court's erroneous assumption that a court lacked authority to recharacterize Hancock Park's $11,995,500 as equity rather than debt prevented the court from properly evaluating the trustee's allegations (claim 1 of the First Amended Complaint) that Fitness Holdings' transfer of $11,995,500 to

3

Hancock Park in return for an equity investment was actually fraudulent for purposes of 11 U.S.C. § 548(a)(1)(A).

Third, because the court failed to properly address the fraudulent transfer claims, it also did not properly address the claim for recovery of an avoided transfer under 11 U.S.C. § 550(a) (claim 6 of the First Amended Complaint).

Finally, the court's erroneous assumption prevented it from properly evaluating the trustee's allegations that Hancock Park, Van Harten and Fourticq breached their fiduciary duties to Fitness Holdings (claim 9 of the First Amended Complaint), and that Pacific Western aided and abetted the alleged breach of fiduciary duties (claim 10 of the First Amended Complaint).

Because the district court did not review these claims (claims 1, 3, 4, 5, 6, 9, and 10 of the First Amended Complaint) under the correct standard, we vacate dismissal of these claims and remand them to the district court to consider them in the first instance. *See Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1230 n.6 (9th Cir. 2008). We likewise decline to reach the merits of Pacific Western's argument that the *in pari delicto* doctrine shields it from aiding and abetting liability, and leave it to the district court to consider this theory on remand.

2

4

We affirm the district court's dismissal of the trustee's claims that Fitness Holdings' transfer of a security interest in its assets to Pacific Western should be avoided as an actually fraudulent transfer (claims 10, 11, and 13 of the original complaint). The complaint asserts only that Fitness Holdings conveyed a security interest to Pacific Western in order to obtain a $25 million loan. We cannot reasonably infer that Fitness Holdings was attempting to "hinder, delay, or defraud" its creditors, § 548(a)(1)(A); Cal. Civ. Code § 3439.04(a)(1), simply because it took on secured debt to replace unsecured debt; borrowers regularly give security interests to obtain financing. Because the complaint fails to plausibly allege any other facts showing that the trustee has an entitlement to relief, the district court properly dismissed the claims alleging an actually fraudulent transfer to Pacific Western.

The district court also properly dismissed the trustee's claims that Fitness Holdings' transfer of a security interest in its assets to Pacific Western should be avoided as a constructively fraudulent transfer (claims 12 and 14 of the original complaint). Because the complaint alleges that Fitness Holding granted Pacific Western the security interest in exchange for a $25 million loan, and does not allege that the value of the security interest exceeded the value of the loan, the trustee failed to plausibly allege that the security interest was given for less than

5

reasonably equivalent value, which is a necessary element of a claim for a constructively fraudulent transfer under both the Bankruptcy Code and state law. §§ 548(a)(1)(B)(i); 548(d)(2)(A)(i); § 544(b)(1); Cal. Civ. Code § 3439.04(a)(2).

Because the district court properly dismissed the trustee's claims for constructively and actually fraudulent transfers, the dismissal of the trustee's claim for avoidance of these transfers (claim 15 of the original complaint) was also correct. *See* 11 U.S.C. § 550.

3

The trustee's allegations (in claim 8 of the First Amended Complaint) that insiders "contrived" to benefit themselves by knowingly funneling money to themselves out of a failing company plausibly alleged the elements of a claim for equitable subordination, namely: "'(1) that the [defendants] engaged in some type of inequitable conduct, (2) that the misconduct injured creditors or conferred unfair advantage on the claimant, and (3) that subordination would not be inconsistent with the Bankruptcy Code.'" *In re First Alliance Mortg. Co.*, 471 F.3d 977, 1006 (9th Cir. 2006) (quoting *In re Lazar*, 83 F.3d 306, 309 (9th Cir. 1996)). We therefore reverse the district court's dismissal of this claim. Each party will bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.**